# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY D. EVANS,<br><br>      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. EDCV 12-01270-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 14, 2012, Kimberly D. Evans ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on November 15, 2012. On March 26, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 56 year old female who applied for Social Security Disability Insurance benefits on August 18, 2009. (AR 10.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 29, 2009, the alleged onset date of her disability. (AR 12.)

Plaintiff's claim was denied initially on November 4, 2009, and on reconsideration on January 26, 2010. (AR 10.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Kevin M. McCormick on January 25, 2011, in Orange, California. (AR 10.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 10.) Vocational expert ("VE") Kelly Winn-Boaitey also appeared and testified at the hearing. (AR 10.)

The ALJ issued an unfavorable decision on May 4, 2011. (AR 10-16.) The Appeals Council denied review on June 22, 2012. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the consultative examiner's opinion.
2. Whether the ALJ provided a complete and proper assessment of Plaintiff's residual functional capacity ("RFC").
3. Whether the ALJ properly considered the Plaintiff's testimony and made proper credibility findings.
4. Whether the ALJ fully and fairly developed the record.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

3

at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 29, 2009, the alleged onset date. (AR 12.)

At step two, the ALJ determined that Plaintiff has the the following severe impairments: spondylolisthesis L5-S1, degenerative disc disease of the cervical spine, right lateral epicondylitis, and right carpal tunnel syndrome. (AR 12.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 12.)

The ALJ then found that Plaintiff has the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, stand, and/or walk for 6 hours out of an 8 hour day, occasionally climb ladders, stoop, crouch, kneel, crawl, balance, and work at heights; she has no sitting limitations and no limitations in the left upper extremity; Plaintiff is limited to frequent reaching and handling with the right upper extremity and occasional fingering with the right upper extremity. (AR 13-15.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 13-15.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a dental hygienist. (AR 15.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, including cashier II and office helper. (AR 15-16.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 16.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly rejected the opinion of the consulting orthopedist and properly discounted the Claimant's credibility. The ALJ's RFC is supported by substantial evidence and the record is fully and fairly developed. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY DISCOUNTED THE OPINION OF DR. SIMMONDS

Plaintiff contends that the ALJ erred in rejecting the occasional right upper extremity limitation assessed by consulting orthopedist Dr. Simmonds. The Court disagrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.      Analysis**

The ALJ found that Claimant retained the residual functional capacity for light work, but with a limitation to "frequent reaching and handling with the right upper extremity and occasional fingering with the right upper extremity." (AR 13 (emphasis added).) This limitation is in conflict with the October 14, 2009, opinion of consulting orthopedic examiner Dr. John Simmonds who opined that "gross manipulation, specifically handling can be done on an occasional basis for the right upper extremity." (AR 14, 262 (emphasis added).) The ALJ rejected Dr. Simmonds' "occasional" right upper extremity limitation because it was "a one time exam and is not supported by the overall medical evidence of record." (AR 15.)

Dr. Simmonds' entire opinion is as follows:

> Based on today's examination, it is the examiner's opinion from an orthopaedic standpoint that the claimant is able to push, pull, lift and carry 20 pounds occasionally and 10 pounds frequently. Walking and standing can be done for 6 hours per day. No assistive device is required for ambulation. Postural activities, i.e. bending, kneeling, stooping, crawling and crouching can be done on an occasional basis. Agility, i.e. walking on uneven terrain, climbing ladders, or working at heights can be done on an occasional basis. Sitting can be done without restrictions. Fine and gross manipulative movements can be done without restrictions for the left upper extremity. <u>Gross manipulation, specifically handling can be done on an occasional basis for the right upper extremity</u> however other forms of gross

7

>    manipulation such as overhead activities and handling can be done on a
>    frequent basis. Fine manipulation can be done on an occasional basis for
>    the right upper extremity.

(AR 262 (emphasis added).) Plaintiff contends that her medical record supports Dr. Simmonds' occasional right upper extremity limitation and the ALJ, therefore, failed to set forth specific, legitimate reasons for rejecting Dr. Simmonds' opinion.

Although the ALJ largely credited Dr. Simmonds' opinion (AR 14), on the issue of right upper extremity limitations the ALJ decision gives more weight to the November 3, 2009, opinion of State agency reviewer Dr. Phillips that Claimant was capable of "frequent" reaching and handling. (AR 14-15, 265.) Dr. Phillips was a non-examining physician, but the opinion is based on independent medical evidence and other evidence of record. (AR 263-268.) Thus, Dr. Phillips' opinion constitutes substantial evidence. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600. Plaintiff does not contend otherwise. Dr. Phillips' opinion specifically states that Claimant is only partially credible, citing inconsistent daily activities that include pilates, pool exercises, and walking for exercise. (AR 267.) As discussed below, the ALJ discounted Plaintiff's credibility in part for the same activities. (AR 13, 14.) Dr. Simmonds makes no mention of these activities.

The ALJ also cites the findings of treating physician Dr. Kris Hirata, which Dr. Phillips would have reviewed. Dr. Hirata diagnosed lumbar spondylolisthesis and degeneration of lumbosacral intervertebral disc (AR 14, 239), but also reported only mild tenderness to palpation at the lumbosacral junction and that range of motion of the lumbar spine showed full flexion. (AR 14.) Dr. Hirata noted that Claimant reported no medication side effects or problems with sleeping. (AR 14.) Dr. Hirata also noted that Claimant was doing pilates and yoga. (AR 14, 223.) The ALJ reasonably interpreted this evidence as consistent with Dr. Phillips' frequent right upper extremity limitation. (AR 14.)

The ALJ also relied on Dr. Simmonds' own findings. (AR 14.) The ALJ noted that Dr. Simmonds did not find any limits to cervical range of motion and grip strength was 40 pounds. (AR 14.) Although the Claimant indicated discomfort along the paravertebral muscular

groups, Claimant had a negative axial compression test and negative Spurling's sign. (AR 14.) Dr. Simmonds reported tenderness over the right lateral epicondyle, but range of motion of the elbow and wrist was within normal limits. (AR 14.) Claimant also had a normal 2-point discrimination along the ulnar and median nerve distribution; there was no thenar atrophy. (AR 14.) Again, the ALJ reasonably interpreted these findings as consistent with Dr. Phillips' opinion. (AR 14.)

Plaintiff cites evidence to support his interpretation of the evidence but does not discuss or rebut the evidence supporting Dr. Phillips' opinion and the ALJ's finding of frequent upper extremity handling. In the final analysis, Plaintiff simply disagrees with the ALJ's interpretation of the evidence, but it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d at 750. Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Simmonds' occasional right upper extremity limitation for specific, legitimate reasons.

## II.     THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted Plaintiff's credibility. The Court disagrees.

### A.     Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen v. Chater, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude

that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 13.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent they are consistent with the ALJ's RFC assessment. (AR 13.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the RFC assessment was consistent with the overall objective medical evidence. (AR 15.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. The Court already rejected Plaintiff's contention that the ALJ improperly rejected Dr. Simmonds' occasional right upper extremity limitations.

At the hearing, Plaintiff alleged chronic pain in the right side of her body, trouble sleeping, ability to sit only 20 to 30 minutes before experiencing jarring pain, and trouble gripping or grasping objects with her right hand. (AR 26-27, 29, 30.) The ALJ, however, rejected Claimant's assertions of problems with her neck, hands, and back, including chronic pain in the hips and problems sleeping, "because they are not supported in the medical evidence of record." (AR 14.) Plaintiff disputes the ALJ's findings by referring only to notations in the record where Plaintiff made a complaint to a physician but not to any medical findings by

10

a physician. No physician supported Plaintiff's claims except for the portion of Simmonds' opinion rejected by the ALJ. Additionally, there was contrary evidence regarding Claimant's sleep patterns and grip strength. (AR 14.) The objective medical evidence is inconsistent with Plaintiff's subjective symptom allegations.

Second, the ALJ found that Plaintiff's daily activities were inconsistent with her allegations of disabling pain. (AR 14.) Claimant's daily activities are a legitimate factor in determining the credibility of a claimant's pain allegations. Bunnell, 947 F.2d at 345-346. Here the ALJ found that Plaintiff attends water aerobic classes, pilates classes, walks for an hour at a moderate pace, and performs household chores such as cooking, washing the dishes and doing the laundry. (AR 14.) The ALJ also found that Claimant is able to drive a manual or stick shift car for an hour at a time. (AR 14.)

Plaintiff disagrees with the ALJ's interpretation of the evidence. For example, Plaintiff explains that her water aerobics and pilates classes were non-jarring exercises that were part of her overall treatment and pain management plan, but even so the ability to participate in and do these activities suggests Plaintiff can do more than she alleges, as the ALJ found. Plaintiff contends that the fact she can engage in some normal daily activities does not disprove her disability claim. Yet, even though these activities do not prove Plaintiff can return to work, the ALJ reasonably found that, because of the activities cited, Plaintiff's pain was not as severe or as limiting as she claims. Valentine v. Comm'r, Soc. Sec. Adm., 574 F.3d 685, 693 (9th Cir. 2009).

Again, the ALJ is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039; Magallenes, 881 F.2d at 750. Where the ALJ's interpretation of the evidence is reasonable as is the case here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ properly discounted Plaintiff's credibility and subjective symptom testimony.

## III. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff challenges the ALJ's RFC on the basis of Dr. Simmonds' occasional right upper extremity limitation. The Court upheld the ALJ's rejection of that limitation and also upheld the ALJ's adverse credibility determination. The ALJ's RFC is supported by substantial evidence.

## IV. THE ALJ DID NOT FAIL TO DEVELOP THE RECORD PROPERLY

Plaintiff asserts that the ALJ failed to develop the record fully and fairly because the medical record does not contain Dr. Hirata's medical reports from August 18, 2009, to March 2010. The Court disagrees.

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to "conduct an appropriate inquiry." Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

Plaintiff's argument that the ALJ had a duty to develop the record further fails for two reasons. First, Plaintiff's assertion seeks to shift to the ALJ her own burden to prove she is disabled by furnishing relevant medical evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) ("It was [Claimant's] duty to prove that she was disabled," citing 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require")). Nothing prevented Plaintiff from obtaining any missing medical records from Dr. Hirata or Kaiser. In fact, Plaintiff's attorney representative submitted additional medical evidence from Kaiser on June 14, 2010. (AR 290.) The ALJ had no reason to believe the record was incomplete and Plaintiff never raised the issue until after the ALJ decision was filed and the

Appeals Council denied review. Plaintiff, moreover, did not indicate in her testimony any impairments or medical evidence or treatment not fully addressed in the medical record.

Second, an ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes, 276 F.3d at 459-60. Here, the ALJ did not indicate the evidence was ambiguous or inadequate to make a disability determination, and thus there was no duty to develop the record further.

\* \* \*

The ALJ properly rejected Dr. Simmonds' occasional right upper extremity limitation and properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence and there was no duty to develop the record further. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: May 10, 2013       /s/ John E. McDermott
                          JOHN E. MCDERMOTT
                          UNITED STATES MAGISTRATE JUDGE